IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EVEREST REALTY GROUP, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CENTURY 21 REAL ESTATE, a Delaware limited liability company,<br><br>Defendant. | ORDER AND MEMORANDUM DECISION<br><br>Case No. 2:21-cv-00150-TC-DAO<br><br>Judge Tena Campbell |

Plaintiff Everest Realty Group, LLC (Everest) filed this declaratory action asking the court to determine whether it may terminate a franchise agreement it entered into with Defendant Century 21 Real Estate, LLC (Century 21). Century 21 moves to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 15). For the reasons set forth below, the court grants Century 21's motion.

## FACTUAL BACKGROUND[1]

Everest is a real estate brokerage in Utah. In 2011, Century 21 and Everest entered into a franchise agreement (the Agreement) which included a special addendum. Among other things, the addendum granted Everest the right to terminate the Agreement early. Section 25.7 of the addendum reads:

---

[1] Relevant facts are taken from Everest's complaint. The court takes them as true for the purposes of this order. See Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008).

1

> Limited and Conditional Right to Terminate
> [Everest] shall have a conditional, one-time right to terminate the Agreement. The effective date of the termination shall be the 10th year anniversary of Opening Date provided [Everest] . . . makes payment (at the time notice is given) of . . . any and all amounts not previously paid and/or forgiven under any existing promissory notes . . .

(Def.'s Mot. to Dismiss Ex. A (ECF No. 15-2).)

In 2014, the parties executed another addendum to the Agreement and added section 30.7, which reads:

> Termination by Franchisee
> Any termination right granted to [Everest] under the Agreement for retirement, death, disability or <u>any reason</u> is deleted in its entirety and replaced with …[a new provision allowing termination only if a majority franchise owner dies or becomes disabled.]

(<u>Id.</u>) (emphasis added). Everest alleges that section 30.7 was only included in the second addendum because Century 21 had been systematically updating all of its standard franchise agreements with boilerplate language related to the death or disability of a franchise owner.

Everest filed this action requesting a declaration from the court that section 30.7 did not delete section 25.7 and that section 25.7 remains enforceable.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint "must plead facts sufficient to state a claim to relief that is plausible on its face." <u>Slater v. A.G. Edwards & Sons, Inc.</u>, 719 F.3d 1190, 1196 (10th Cir. 2013) (internal punctuation omitted) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). A claim is facially plausible when the complaint contains factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. <u>Burnett v. Mortg. Elec. Registration Sys., Inc.</u>, 706 F.3d 1231, 1235 (10th Cir. 2013). The court must accept all well-pleaded allegations in the complaint as true and

construe them in the light most favorable to the plaintiff. Albers v. Bd. of Cty. Comm'rs of Jefferson Cty., 771 F.3d 697, 700 (10th Cir. 2014). The court's function is "not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Sutton v. Utah Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991).

## **ANALYSIS**

This lawsuit raises a straightforward question of contract interpretation. Everest would like to terminate the Agreement early according to section 25.7, but Century 21 argues that section 30.7 expressly deleted section 25.7.

Everest makes three principal arguments in favor of its view that section 30.7 did not delete section 25.7. First, Everest contends that the language of section 30.7 does not apply to section 25.7 because it applies only to termination that is based on an "explanation" or "justification." Second, Everest asserts that section 30.7's "any reason" catch-all provision must be interpreted to mean "any reason similar to" retirement, death, or disability. At the least, Everest argues that the term "any reason" is ambiguous, which precludes dismissal.

If the language within the four corners of a contract is unambiguous, the court determines the parties' intentions from the plain meaning of the contractual language as a matter of law and does not consider extrinsic evidence. Bakowski v. Mountain States Steel, Inc., 2002 UT 62, ¶ 16, 52 P.3d 1179, 1184. Whether an ambiguity exists in a contract is a question of law. WebBank v. Am. Gen. Annuity Serv. Corp., 2002 UT 88, ¶ 22, 54 P.3d 1139, 1144. But terms do not become ambiguous just because one party seeks to give them a different interpretation to suit its own interests. Mind & Motion Utah Invs., LLC v. Celtic Bank Corp., 2016 UT 6, ¶ 24,

367 P.3d 994, 1001. A contract is ambiguous if it is "capable of more than one reasonable interpretation because of uncertain meanings of terms, missing terms, or other facial deficiencies." Id.

As an initial matter, the court finds that the phrase "any reason" is not ambiguous. See Glob. Fitness Holdings, LLC v. Fed. Recovery Acceptance, Inc., 127 F. Supp. 3d 1176, 1189 (D. Utah 2015) (finding that a contract term allowing a party to terminate the contract "at any time for any reason" was facially unambiguous). A "reason" is an explanation, justification, motive, or ground, and the parties agree that the word "any" means "every," "all," or "one or another." (Def.'s Mot. to Dismiss at 5; Pl.'s Opp'n at 8). The court can see no other reasonable interpretation of "any reason" besides the one Century 21 puts forth. Consequently, section 30.7 deleted any termination right granted to Everest for retirement, death, disability, or every and all other reasons, including those granted by section 25.7.

Everest resists this straightforward definition. It argues that the word "reason" is a "statement given by way of explanation or justification," and as a result, section 30.7 only applies to termination rights supported by an explanation or justification. (Pl.'s Opp'n at 8 (quoting Black's Law Dictionary (11th ed. 2019).). Because section 25.7 allowed Everest to terminate the Agreement without an explanation or justification, Everest contends that it is still enforceable.

The court is unpersuaded. Everest confuses the plain meaning of the word "reason" with something more formal. section 30.7 is not limited to termination accompanied by an express explanation or justification. To the contrary, Everest's decision to terminate the Agreement under section 25.7 would still be based on some reason, whether or not this reason was submitted to Century 21 as a "statement given by way of explanation or justification."

Everest also contends that "any reason" means "any reason similar to" retirement, death, or disability. In support, Everest points to the canon *ejusdem generis*, which "limits general terms which follow specific ones to matters similar to those specified." United States v. West, 671 F.3d 1195, 1200 (10th Cir. 2012) (internal quotations omitted). Everest cites Rothenberg v. Lincoln Farm Camp, Inc., 755 F.2d 1017, 1020 (2d Cir. 1985), where the Second Circuit found that it was reasonable to interpret "any reason" to mean "any reason similar to" a series of force majeure events, including war, epidemic, government restriction, and Act of God. Id.

The court disagrees with Everest's application of the canon. Everest does not point to any authority that binds this court to adopt its interpretation. Moreover, "[c]anons of construction need not be conclusive and are often countered, of course, by some maxim pointing in a different direction." Cir. City Stores, Inc. v. Adams, 532 U.S. 105, 115, 121 S. Ct. 1302, 1309, 149 L. Ed. 2d 234 (2001). For example, under the canon of surplusage, "any reason" should have a meaning that is independent of the other terms; if it had the same meaning as "retirement, death, or disability," it would be superfluous.

Additionally, Rothenberg is distinguishable from the present case. Rothenberg involved an employment agreement that allowed for termination of employment—with severance pay—due to unforeseen circumstances, like war or epidemic. The termination clause in that case related to future events that, by definition, could not have been known or anticipated. Section 30.7, in contrast, deleted all prior termination rights that had already been granted to Everest. Everest was aware of these particular termination rights when it decided to execute section 30.7. In this context—where parties' intention is clear based on the language of the contract—the principal of ejusdem generis is not controlling.

Section 30.7 means exactly what it says. When the parties executed section 30.7, they agreed that it deleted past termination rights granted to Everest for any reason, including those granted by section 25.7.

## **ORDER**

For the reasons stated, Plaintiff Everest Realty Group, LLC has failed to state a plausible claim for relief. Defendant Century 21 Real Estate, LLC's motion to dismiss (ECF No. 15) is GRANTED.

DATED this 23rd day of June, 2021.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge